UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CONNIE LINENBERGER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-0575-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Connie Linenberger ("Plaintiff") appeals from the Commissioner's denial of her applications for disability benefits. The Court concludes that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff could perform work in the national economy. Accordingly, this Court reverses the ALJ's decision and remands for further proceedings.

## I.

## BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income alleging disability beginning August 5, 2009. Administrative Record ("AR") 17. After a hearing on August 24, 2011, the

1  ALJ concluded that Plaintiff's bipolar disorder, borderline personality disorder,
2  obesity, and asthma were severe impairments. AR 17-21. The ALJ concluded
3  that Plaintiff has the residual functional capacity ("RFC") to perform a full
4  range of work with several nonexertional limitations, including a limitation to
5  "simple one to two step instructions for repetitive and uncomplicated tasks."
6  AR 24.
7      A vocational expert ("VE") testified at the hearing in response to a
8  hypothetical RFC assessment that did not include the limitation to "one to two
9  step instructions." AR 71-76. The VE concluded that Plaintiff could perform
10 the duties of office helper and mail clerk, referencing the Labor Department's
11 Dictionary of Occupational Titles ("DOT") as she described this work. AR 75.
12 The ALJ relied on the VE's testimony to conclude that Plaintiff was capable of
13 making a successful adjustment to other work that exists in the national
14 economy and accordingly found that Plaintiff was not disabled. AR 27.

## II.
## ISSUES PRESENTED

17     The parties dispute whether the ALJ erred when he found that Plaintiff
18 was capable of performing work that exists in significant numbers in the
19 national economy. See Joint Stipulation ("JS") at 2-17.

## III.
## DISCUSSION

22 **A.    Standard of Review and Pertinent Law**
23     Under 42 U.S.C. § 405(g), a district court may review the
24 Commissioner's decision to deny benefits. The ALJ's findings and decision
25 should be upheld if they are free from legal error and are supported by
26 substantial evidence based on the record as a whole. 42 U.S.C. § 405(g);
27 Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d
28 742, 746 (9th Cir. 2007).

At the fifth step of the five-step claims evaluation process, the agency bears the burden of showing that a claimant can perform work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education, and work experience. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098, 1100 (9th Cir. 1999). A vocational expert's testimony may be sufficient to carry that burden; however, the expert's opinion must reflect all limitations the ALJ includes in the RFC. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162-63 (9th Cir. 2001).

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). Thus, if there is a conflict between the expert's opinion and the DOT parameters, the ALJ must determine that the expert has a "reasonable explanation" for this conflict. <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153-54 (9th Cir. 2007). Where an ALJ fails to do this, this Court cannot determine whether there is substantial evidence to support the ALJ's step-five finding and must remand for further proceedings. <u>Id.</u> at 1154.

B.     <u>Analysis</u>

Plaintiff contends that the ALJ erred in determining, based upon the VE's testimony, that she was capable of performing the jobs of office helper and mail clerk because those jobs, as described in the DOT, are incompatible with the ALJ's RFC assessment. JS at 3-13. As relevant here, the ALJ's RFC assessment determined that Plaintiff was able to perform work with a limitation to "simple one to two step instructions for repetitive and uncomplicated tasks." AR 24. Plaintiff contends that this limitation precludes her from work as an office helper or mail clerk because those jobs require Reasoning Level 2 and 3, respectively, on the 6-level General Education

Development ("GED") scale used in the DOT. JS at 3-13.

As an initial matter, the Court finds that Plaintiff is entitled to a remand because the VE's testimony did not constitute "substantial evidence" of Plaintiff's capacity to work as a mail clerk or office helper. At Plaintiff's hearing, the ALJ failed to include the "one to two step instructions" limitation in any hypothetical posed to the VE. AR 71-76. Therefore, the VE's testimony did not constitute substantial evidence, and the ALJ's decision must be reversed. Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir. 2012) ("The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question . . . reflecting all the claimant's limitations, both physical and mental, supported by the record. If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.") (internal quotation marks and citations omitted).

Even if the ALJ had included Plaintiff's "one to two step instructions" limitation in his hypothetical to the VE, the VE's testimony would not constitute substantial evidence because the testimony does not contain a reasonable explanation of the deviation from the DOT's Reasoning Level characterization.

A job involving Level 2 reasoning means that an individual must be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App'x C, 1991 WL 688702. The DOT classifies office helper as a Reasoning Level 2 job, and the Court observes that this classification is generally consistent with the DOT's description of the job.[1] A job involving Level 3 reasoning means that an

---

[1] The DOT describes the duties of an office helper as:

individual must be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." DOT, App'x C, 1991 WL 688702. The DOT classifies mail clerk as a Reasoning Level 3 job, and the Court observes that this classification is generally consistent with the DOT's description of the job.[2]

---

> Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments. May specialize in delivering mail, messages, documents, and packages between departments of establishment and be designated Messenger, Office (clerical). May deliver stock certificates and bonds within and between stock brokerage offices and be designated Runner (financial).

DOT 239.567-010, 1991 WL 672232 (cross-references omitted).

[2] The DOT describes the duties of a mail clerk as:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter. May fold letters or circulars and insert in envelopes. May distribute and collect mail. May weigh mail to determine that postage is correct. May keep record of registered mail. May address mail, using addressing machine. May be

This case thus presents a dispute that has recurred with some frequency in this district: whether an RFC that limits a claimant to tasks with one- or two-step instructions is inconsistent with a job that requires Level 2 or higher reasoning under the DOT. Although the Ninth Circuit has not addressed this issue, many judges in this district have, and it appears that all have decided it against the Commissioner.[3] See, e.g., Ruiz v. Colvin, No. 12-1628, 2013 WL 3878957, at *3 (C.D. Cal. July 26, 2013) ("A limitation to simple one and two step tasks is inconsistent with Reasoning Level Two."); Cardoza v. Astrue, No. 10-936, 2011 WL 1211469, at *2 (C.D. Cal. 2011) (finding limitation to one and two-step repetitive work tasks would preclude jobs requiring Level 2 reasoning skills); Grigsby v. Astrue, No. 08-1413, 2010 WL 309013, at *2 (C.D. Cal. 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."); see also Allen-Howard v. Astrue, No. 11-1116, 2012 WL 4739425, at *2 (D. Or. Oct. 3, 2012) ("The Office Helper job requires a reasoning level two, and the Mail Room Sorter job requires a reasoning level three, according to the DOT. They therefore may require something more than 'one to two step tasks,' which is [Petitioner's] RFC and very similar to the definition for level one reasoning.").

The Court has reviewed the DOT description of the responsibilities associated with the jobs of office helper and mail clerk. It is not clear to the

---

designated according to type of mail handled as Mail Clerk, Bills (clerical).

DOT 209.687-026, 1991 WL 671813 (cross-references omitted).

[3] The Commissioner's citation to Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005), is inapposite, as the claimant in Meissl was not limited to one- to two-step instructions.

Court whether someone limited to one- to two-step instructions would be able to perform these responsibilities. This lack of clarity is exacerbated by the DOT's categorization of these jobs as Reasoning Level 2 and 3, both higher than Reasoning Level 1, which expressly mentions the ability to "carry out simple one- or two- step instructions." 1991 WL 688702. Put differently, the Court would have less reason to think that Plaintiff could not work as an office helper or mail clerk if the DOT categorized the jobs as Reasoning Level 1.[4]

       The Court's concern could be put to rest if the VE offered a "reasonable explanation" for how a person with Plaintiff's limitation could perform the job of office helper, a Level 2 reasoning job under its DOT listing, or mail clerk, a Level 3 reasoning job under its DOT listing. But the VE had no opportunity to provide an explanation, because Plaintiff's "one to two step instructions" limitation was not included in the hypothetical posed to the VE. AR 71-76. Nor did the VE provide any other evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case.

       The disparity between the DOT listing and the ALJ's determination in reliance on the VE's testimony required a "reasonable explanation" from the VE. Where, as here, no such explanation has been given, the Court must remand to the agency for further proceedings. See Massachi, 486 F.3d at 1154.

///
///
///
///
///

---

[4] This is why the Court finds ultimately unpersuasive the Commissioner's point about the different purposes being served by reasoning levels under the GED and the assessment of claimant's RFC. The DOT expressly includes a reasoning level for each job it describes.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: March 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge